# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3850 | **DATE** | October 9, 2001 |
| **CASE TITLE** | *ABF Capital Corp. vs. David C. McLauchlan* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies defendant's motion to dismiss [8-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 10-10-01 date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ABF CAPITAL CORP., )
)
    Plaintiff, )
)
v. ) Case No: 01 C 3850
)
DAVID C. McLAUCHLAN, ) Judge James H. Alesia
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Currently before the court is defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the court denies defendant's motion.

## I. BACKGROUND

Defendant David C. McLauchlan ("McLauchlan") is a citizen of Illinois. In December, 1982, Regent Energy Partners ("the Partnership"), of which McLauchlan was a member, and plaintiff ABF Capital Corporation ("ABF Capital") entered into a sublease. Under the terms of the sublease, the Partnership acquired land from ABF Capital to be used for drilling and developing oil and gas wells in Texas and Louisiana. As part of the sublease, ABF Capital deferred its rights to royalty payments in exchange for each of the Partnership's limited partners executing an Assumption of Liabilities Agreement ("the Agreement"). McLauchlan thus became personally liable to ABF Capital for his *pro rata* share of the deferred royalties, up to $81,000. His liability was deferred until December 31, 1994. The parties included a choice-of-law



provision in the Agreement, which states: "This Agreement is governed by and construed under the laws of the State of New York." (Compl., Ex. A at 5.) Additionally, under the Agreement, McLauchlan agreed that ABF Capital would have the right to enforce the Agreement and recover costs, expenses, and reasonable attorneys' fees incurred by enforcing the Agreement.

On or about December 31, 1994, McLauchlan became liable to ABF Capital for the $81,000. All conditions precedent to that liability have been fulfilled. In a letter dated December 12, 1994, ABF Capital notified McLauchlan of his liability and that interest would begin accruing upon unpaid amounts if he did not pay as required on December 31. McLauchlan has not yet paid ABF Capital any of the $81,000 or the accrued interest.

On May 24, 2001, over six years after the contract was breached, ABF Capital filed this lawsuit. McLauchlan has filed this motion to dismiss, claiming that this case is time-barred by a six-year New York statute of limitations. ABF Capital argues that the ten-year Illinois statute of limitations, not the New York statute, applies to this case and that its case was timely-filed. The critical issue to this motion is whether the New York statute of limitations or the Illinois statute of limitations applies to this case. If the New York statute applies, this case is time-barred. If, however, the Illinois statute applies, the case is timely. McLauchlan argues that the New York statute applies because: (1) the choice-of-law clause in the Agreement, specifying that New York law governs the contract, requires the court to apply the New York statute of limitations and (2) the Illinois borrowing statute requires the court to apply the New York statute of limitations. The court will address each argument in turn.

## II. DISCUSSION

### A. Standard for Deciding a Motion to Dismiss under Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R. CIV. P. 12(b)(6); *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Also, according to Federal Rule of Civil Procedure 10(c), "A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." The Seventh Circuit has interpreted "written instrument" as including contracts. *N. Ind. Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 453 (7th Cir. 1998). It is appropriate, therefore, for this court to consider the copy of the agreement that ABF Capital attached to its complaint as Exhibit A. *See Acevedo v. Bally Total Fitness Corp.*, No. 99 C 1289, 1999 WL 1045035 (N.D. Ill. Nov. 12, 1999) (considering, under Rule 10(c), a contract attached to the complaint in determining a 12(b)(6) motion to dismiss).

A motion to dismiss is appropriate for determining whether a complaint, on its face, is barred by a statute of limitations. *Tregenza v. Great Am. Communications*, 12 F.3d 717, 719 (7th Cir. 1993). A motion to dismiss based upon an expired statute of limitations must be denied

3

"unless the plaintiff's allegations clearly indicate that the action is untimely." *Schacht v. Baccala & Shoop Ins. Serv.*, No. 91 C 2228, 1993 WL 469909, at *4-*5 (N.D. Ill. Nov. 12, 1993).

## B. Effect of the Choice-of-Law Provision on the Statute of Limitations

McLauchlan argues that the New York statute of limitations applies because the contract contains a choice-of-law provision in which the parties agreed that New York law would govern the contract. ABF Capital responds that the Illinois statute of limitations applies because the choice-of-law clause does not include statutes of limitations and other procedural matters. The court agrees with ABF Capital.

A federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Therefore, the court, sitting in Illinois, will apply Illinois choice-of-law rules to this case. Under those Illinois rules, statutes of limitation are considered procedural in nature. *Humanes v. Gen. Elec. Transp. Serv.*, 99 C 4528, 2000 WL 1029127, at *2 (N.D. Ill. July 24, 2000) (citing *Kalmich v. Bruno*, 553 F.2d 549, 553 (7th Cir. 1977). Illinois courts apply their own statutes of limitation, even when the parties to a contract have included a choice-of-law provision in the contract to govern their substantive contractual rights. *See Colonial Penn Life Ins. Co. v. Assured Enter., Ltd.*, 151 F.R.D. 91, 95 (N.D. Ill. 1993) (applying the Illinois statute of limitations in a contract case despite the parties' choice-of-law provision that Pennsylvania law applies to the contract). Because Illinois choice-of-law rules dictate the application of the Illinois statute of limitations, the court will apply that law.

4

The applicable Illinois statute of limitations states that "actions on written contracts ... shall be commenced within 10 years next after the cause of action accrued." 735 ILL. COMP. STAT. 5/13-206. Under Illinois law, an action for a breach of a written agreement accrues when the breach of contractual duty occurs. *Ind. Ins. Co. v. Machon & Machon, Inc.*, 753 N.E.2d 442, 445 (Ill. App. Ct. 2001). Therefore, ABF Capital's case accrued when McLauchlan allegedly failed to pay on December 31, 1994. ABF Capital filed this lawsuit on May 24, 2001. Because ABF Capital filed its lawsuit within ten years of when its action accrued, the court concludes that ABF Capital filed this case within the period allowed by the Illinois statute of limitations and that the case is, therefore, timely. Accordingly, the court denies McLauchlan's motion to dismiss on this point.

## C. <u>Application of the Illinois Borrowing Statute</u>

McLauchlan argues that, even if the choice-of-law provision in the contract does not require the court to apply the New York statute of limitations, the Illinois borrowing statute directs the court to that result. McLauchlan bases his argument on his assertion that this case arose outside of Illinois and that the statute of limitations of the state where the case arose, New York, bars ABF Capital's claims. ABF Capital, however, contends that the Illinois borrowing statute does not apply to this case because the borrowing statute does not apply to cases in which either party is an Illinois resident and that, in this case, McLauchlan is an Illinois resident. Again, the court agrees with ABF Capital.

The Illinois borrowing statute states: "When a cause of action has arisen in a state or territory out of this State ... and, by the laws thereof, an action thereon cannot be maintained by

5

reason of the lapse of time, an action thereon shall not be maintained in this State." 735 Ill. Comp. Stat. 5/13-210. The Illinois Supreme Court has held that the borrowing statute applies only to cases in which all parties are Illinois residents. *Employers Ins. of Wasau v. Elcho Liquidating Trust*, 723 N.E.2d 687, 693 (Ill. App. Ct. 1999) (citing *Miller v. Lockett*, 457 N.E.2d 14, 16-17 (Ill. 1983). McLaughlan is a citizen of Illinois, which means that the court cannot apply the Illinois borrowing statute to this case.

Consequently, the court will apply the Illinois statute of limitations. As discussed *supra* Sect. II.B, because ABF Capital brought this case within the ten years allowed under the Illinois statute, this case is not time-barred. Therefore, the court cannot conclude that ABF Capital's allegations clearly indicate that the action is untimely. Accordingly, the court denies McLauchlan's motion to dismiss on this point.

### III. CONCLUSION

For the foregoing reasons, the court denies defendant's motion to dismiss.

Date: OCT 09 2001

James H. Alesia
United States District Judge